## COUNTY OF OXFORD.

PROPRIETORS OF ROXBURY *versus* HUSTON.

The corporate character of a plaintiff proprietary is admitted by pleading the general issue.

Where the plaintiffs organized themselves into a proprietary, and claimed and exercised control over a township, making sales of the land, holding possession of the contracts made by their agents, and of the notes given on such contracts, and have received payments for the land; it was *held,* that the tenant, holding under one who had recognized their rights, could not dispute their title.

The law will not presume a conveyance to have been made to a party in possession of land for many years, against his express admissions that no such conveyance has been made.

Where a party, in possession of land under a contract with the owner, has paid the amount due for the purchase money, the land is held in trust for the benefit of the party in interest, and his rights may be obtained by proceedings in equity.

ON REPORT from *Nisi Prius,* WELLS J., presiding.

WRIT OF ENTRY, for the recovery of lot No. 14, R. 11, in Roxbury.

The tenant pleaded the general issue, with a claim of betterments. It was stipulated, that upon so much of the evidence as was legally admissible, the Court might draw such inferences as a jury would be authorized to do, and render judgment by nonsuit or default, as the law will authorize.

The material facts in the case are sufficiently stated in the opinion of the Court, SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., which was drawn up by

APPLETON, J. — This is a real action, in which the plaintiffs claim to recover lot No. 14, R. 11, and a tract of land east of Swift river, as fully described in the writ. Both of these tracts are within the limits of Roxbury. The defendant claims title under B. Palmer, who from the evidence has been in the possession of the premises demanded since 1814, and who claims to have acquired a title by adverse possession. This claim is resisted on the ground that he entered under a contract with the proprietors through their agent, and that consequently he cannot set up a title by adverse possession. The contract referred to, and which comes from the possession of the plaintiffs, is dated May 12, 1814, and is between Palmer and John Peck, agent of the proprietors of No. 7, now Roxbury, by Eben Poor, his attorney. By this, Palmer agrees to purchase, and the plantiffs to sell lot No. 13, R. 11, containing one hundred and fifty-six acres, and also a part of lot No. 16, R. 10, adjoining Swift river, and containing seventy-nine acres. Two plans have been introduced differing very materially, and from the evidence it is entirely doubtful, which is prior in time, or to which the greater credit should be given. The writ evidently refers to one plan, the contract between the plaintiffs and Palmer, to the other. According to the plan referred to in the contract, lot No. 13, R. 11, was sold by Palmer to Phineas Taylor, and is not demanded in the present action. According to the same plan, lot No. 16, R. 10, is on the west side of Swift river, as is the seventy-nine acre tract, which

is last described in the contract. The contract of 1814 does not refer to the tract described in the writ as on the ·eastern side of Swift river. The occupation of this tract by Palmer has been open, notorious and adverse for over forty years, and his title to this portion of the premises demanded is unquestioned.

By a comparison of plans it is very apparent that what in the writ is described as lot No. 14, R. 11, is identical with the tract of seventy-nine acres, to which the contract of 1814 refers.

From the evidence reported, it is manifest that Palmer, during the whole period of time which has elapsed since his contract was made, has recognized the title of the plaintiffs, and that his occupation was in subordination to their rights. He has made payments in part performance of that contract;· he has uniformly treated it as subsisting, and does not seem to have done any act necessarily inconsistent with their title, or adverse thereto.

The right of the plaintiffs as a corporate body, to main-·tain the present suit, is admitted by the pleadings. When the proprietary was organized does not appear. It is however in proof, that those in whom the title is shown to have vested as tenants in common, have acted as members thereof. The proprietary has claimed and exercised control over the township; they have been in possession of the contracts made by their agents, and of the notes given on such contracts, and have received payments made by the contracting parties, and have allowed them in part performance thereof. The title of the plaintiffs may well be considered as established under the circumstances of the case, as against the tenant, or Palmer, under whom he claims. *Copp* v. *Lamb*, 3 Fairf. 312.

It has been urged that the deed from Mary Gilman to George Blake, dated March 16, 1816, is of eight thousand acres, in one of eight lots; that consequently Blake was not a tenant in common of the whole tract, and that there were two different sets of tenancies in common in the township, and

that it did not appear to which, the lot in dispute belonged. Upon examining the deed to Blake, it will be perceived that he held his interest as tenant of the whole township. The supposed fact upon which the argument rested, does not exist.

It has been further urged, that the amount due the proprietors has been paid, and that from the lapse of time a deed may be presumed. The evidence tends to show that the plaintiffs have been nearly, if not entirely paid. But at the same time, it is manifest from the admissions of Palmer, made within a few years, that he has not received any conveyance, and we know of no principle of law which would justify us in inferring a conveyance against the express admissions of the party, that one has not been made. If the amount due has been paid, the proprietary must be viewed as holding the land in trust, for the benefit of the party in interest, and may be compelled in equity to execute a conveyance upon such terms and conditions as the just rights of the parties may require.

The plaintiffs are entitled to recover lot No. 14, R. 11, which is identical with the tract of seventy-nine acres referred to in the contract made with the proprietary.

*Defendant defaulted.*

*Shepley* and *Dana,* for plaintiffs.

*May,* for defendant.